IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RUBY B. CRANFORD,<br><br>    Defendant. | Cv. No. 04-2871-B/V<br>Cr. No. 97-20252(G) |

---

ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2244(b)(3)
TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

---

Defendant Ruby B. Cranford, Bureau of Prisons inmate registration number 16214-076, an inmate at the Satellite Camp of the Federal Medical Center in Lexington, Kentucky, has filed a second pro se motion pursuant to 28 U.S.C. § 2255 challenging her conviction and sentence for violating 18 U.S.C. §§ 1341, 1001, and 1956(a)(1)(A)(1).

Cranford was the director of Child Care Nutrition, Inc. ("CCNI"), a sponsoring organization for family day care home providers who participated in the Child and Adult Care Food Program ("CACFP") administered by the Tennessee Department of Human Services ("TDHS"). As a sponsoring organization, CCNI was required to submit information to the TDHS reflecting the total number of meals and snacks served to children by the day care home providers. CCNI received, on behalf of the day care home providers, payments for reimbursement of meals and snacks.  CCNI was responsible for the disbursement of payments to day care home providers that it served as the sponsoring organization.  Cranford falsified much of

the information set forth in CCNI's application to become a sponsoring organization. She also submitted numerous false claims for reimbursement. In particular, the defendant often inflated the number of day care providers that CCNI dealt with, and she added meals, snacks, and the names of children to the reimbursement forms submitted to CCNI by the providers. As a result, CCNI received overpayments for meals. Cranford pocketed the excess after paying bona fide providers what they were actually owed.

On November 17, 1997, a federal grand jury returned a fifty-nine count indictment against Cranford. Counts 1 through 34 of the indictment charged the defendant with mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. Counts 35, 36, and 37 charged her with making false statements to the United States Department of Agriculture, in violation of 18 U.S.C. §§ 1001 and 2. Counts 38 through 59 charged Cranford with money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I) and 2.

United States District Judge Julia Gibbons presided over a jury trial which began on March 23, 1998 and, concluded on March 27, 1998, with the jury returning a guilty verdict on all counts of the indictment. On April 13, 1998, the court entered an order on the jury verdict. Judge Gibbons conducted a sentencing hearing on June 12, 1998, at which time Cranford was sentenced to one hundred ten (110) months imprisonment, to be followed by a three-year period of supervised release.[1] The defendant was also ordered to

---

[1] Pursuant to § 3D1.2(b) of the United States Sentencing Guidelines ("U.S.S.G."), the counts were grouped into a single group. When counts are grouped together pursuant to § 3D1.2(a)-(c), the offense level applicable to the group is the offense level for the most serious of the counts comprising the group. Id., § 3D1.3(a). In this case, the highest offense level is that

pay restitution in the amount of $127,434.06 and a special assessment of $2950. Judgment was entered on June 17, 1998. The United States Court of Appeals for the Sixth Circuit affirmed. United States v. Cranford, No. 98-5829, 1999 WL 777665 (6th Cir. Sept. 17, 1999) (per curiam), cert. denied, 529 U.S. 1022 (2000).

Cranford filed a § 2255 motion on March 19, 2001, contending that she received ineffective assistance of counsel in violation of the Sixth Amendment. Judge Gibbons issued an order on January 24, 2003 denying the motion and certifying that an appeal would not be taken in good faith. United States v. Cranford, No. 01-2212-G/Bre (W.D. Tenn. Feb. 3, 2003).

On October 28, 2004, the defendant filed this motion under 28 U.S.C. § 2255, contending she is entitled to be resentenced under the principles enunciated in Blakely v. Washington, 542 U.S. 296 (2004).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, Title I, § 102, 110 Stat. 1220 (Apr. 24, 1996), amended 28 U.S.C. §§ 2244(b) and 2255 to preclude the filing of any subsequent § 2255 motion absent permission from the Court of Appeals for the Circuit in which the district court is located. Under In re Sonshine, 132 F.3d 1133, 1135 (6th Cir. 1997), the AEDPA amendments bar a prisoner from filing a second § 2255 motion

---

applicable to money laundering. Accordingly, pursuant to U.S.S.G. § 2S1.1(a)(1), the base offense level is 23. Cranford was afforded a one-level enhancement because the value of the funds exceeded $100,000 but was less than $200,000. Id., § 2S1.1(b)(2)(B). Because she attempted to obtain false testimony from two witnesses or potential witnesses, and because she failed to provide all the records subject to a subpoena, the Court imposed a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. See id. application note 3(a). As a result, Cranford's total offense level was 26. Given her criminal history category of V, the guidelines called for a sentencing range from 110 to 137 months.

3

unless those amendments would have an impermissibly retroactive effect on a claim for relief under § 2255. Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997), "when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." Id.

The present motion clearly is a subsequent § 2255 motion under § 2255 and § 2244(b)(3). See Alexander v. United States, 121 F.3d 312, 313-14 (7th Cir. 1997)(denying leave to mount fourth collateral challenge to federal criminal conviction and holding that "[r]ejected justifications may not be reiterated in a successive motion for leave to file.").

Cranford must obtain a certification from the Sixth Circuit Court of Appeals that Blakely is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court before filing this second or successive motion.[2]

Under Sims, the Court construes the subsequent motion as such a request for certification. Accordingly, it is hereby ordered

---

[2] In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court determined that its holding in Blakely applies to the Sentencing Guidelines, Booker, 125 S. Ct. at 755-56, however, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")). The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), that the rule of Booker does not fall within the second exception of Teague v. Lane, 489 U.S. 288(1989). Id. at 863 (noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague). Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings. Humphress, 398 F.3d at 860. Accordingly, Booker and Blakely have not been "made retroactively applicable to cases on collateral review" and provides Cranford with no basis for relief.

that the Clerk of Court transfer this motion to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 31st day of January, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE